Federal Discount Co. v. Fletcher & Ratliff.

[61 South. 308.]

Evidence. *Parol evidence. Promissory notes. Condition.*

In a suit on a promissory note without conditions, it is not permissible for the maker to show by parol evidence that at the time of the making of the note it was agreed as an inducement to make the note that the note should not be paid until the maker had sold sufficient goods to liquidate it.

Appeal from the circuit court of Hinds county.

Hon. W. A. Henry, Judge.

Suit by the Federal Discount Company against Fletcher & Ratliff. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Watkins & Watkins,* for appellant.

In this case the question presented is whether or not the court below erred in admitting the testimony of J. T. Ratliff, one of the defendants, which varied and contradicted the terms of the note sued on, and in admitting the contract of purchase made between the St. Louis Jewelry Co. and the defendants.

It is an established rule of law that when an agreement or contract is entered into between parties, and the contract or agreement reduced to writing and by them signed, if this writing be in itself complete and unambiguous, then all prior agreements were merged into and super-

seded by the said written agreement, and no evidence will be admitted to modify or contradict the terms of said writing.

We submit that the testimony of J. T. Ratliff was wholly incompetent for the reason that it was an attempt to use parol testimony relating solely to events and transactions which took place prior to or contemporaneously with the signing of the note sued on in this case. This note was, in itself, a full, complete and unambiguous contract; it needed no extrinsic evidence by way of interpretation or explanation.

The testimony of Ratliff as admitted by the lower court over objection of the plaintiff was that at the time of signing the note given by Fletcher & Ratliff to the Federal Discount Co. he had an understanding with Mr. Alexander that he was not to be required to pay the note unless by the time of its maturity he had been able to sell a sufficient quantity of the jewelry to pay the same out of the proceeds.

We submit that under the decisions of all the courts this evidence is inadmissible, and the court will reverse a judgment based upon such evidence.

"In actions on negotiable paper, which is absolute on its face, parol evidence is inadmissible to prove an agreement that payment should depend upon some contingency or condition."

Jones, Law on Evidence (2 Ed.), par. 494, citing a great number of authorities in support of this rule.

This rule is also established in the state of Mississippi by the decisions of our own court:

In the case of *Cocke* v. *Blackburn* this question was presented to the court, and in rendering an opinion Justice Campbell used the following language: "We now announce our adherence to the wholesome doctrine that where parties embody their mutual agreements in a formal written instrument, it must be taken as containing all they then desired to preserve the evidence of, and that it is not competent afterwards, in a trial at law, to add to

or subtract anything from it, by parol evidence of something which it should have contained or omitted.'' This case (58 Miss. 537) is a suit based on a promissory note where parol evidence was sought to be introduced showing that the note was not to be paid unless certain conditions were fulfilled by the payee.

To the same effect is the case of *Herndon* v. *Herndon,* 41 Miss 594, and numerous other cases in our court.

In the case of *Peevy* v. *Graves,* 12 Ill. 287, which was a suit on a promissory not given to insure payment of certain other notes assigned by the drawer of the note sued on to the plaintiff, it was held by the court that ''Parol evidence to the effect that the note sued on was to be void if said assigned notes were paid at maturity, was inadmissible, and the fact that the note sued on secured the extention of time of payment is sufficient consideration to support the same.''

In the case of *Sears* v. *Wright,* 24 Maine, 278, a note was given as payment for logs sold. An attempt was made to show that there was an understanding that if the logs could not be sold, and on their being manufactured into boards there was a total loss, then the note was not to be paid. Evidence was to the effect that said logs could not be sold. The court held that ''By the terms of the written contract it could not be inferred that the plaintiff had consented to subject himself to any such contingency.'' The evidence was held properly excluded.

In 20 Century Digest, Sec. 1943—Evidence—paragraph (tt) we find the following, taken from case of *Spanlove* v. *Westrup* (Pa.):

''A parol agreement between the maker and payee of a note that it is not to be payable until the goods, for the price of which it had been given, had been sold, is inadmissible as a defense, being contradictory of the terms of the note itself.''

*Ibid.,* Paragraph (WW) in the case of *Franklin* v. *Smith,* 1 Posey Unrep, Cas. 229 (Texas):

''In an action on a note, parol evidence is inadmissible to vary the terms of the writing by establishing an agree-

ment or understanding between the plaintiff and the defendant that the note sued on was to be paid only out of the proceeds of the sale of patents on inventions, and in case no such proceeds were realized, the note was not to be paid at all." .

We would also especially refer to the case of *De Long* v. *Lee,* 73 Ia. p. 53, 34 N. W. 613, in which the facts and the questions arising from them were similar to the case at bar.

*R. H. & J. H. Thompson,* for appellee.

The defense of the suit made in the circuit court, and doubtless previously made, and it was made successfully in the justice court, stated succinctly was this:

The execution of the note was fraudulently obtained however innocent in fact, the representative of the payee who obtained it may have been. The facts are these as we gather them from the record: The St. Louis Jewelry Company placed in the possession of the defendants, now appellees, some jewelry and took from them several notes, payable at different times, for the agreed value of the goods. The notes were taken with the understanding that the goods were to be sold by Fletcher & Ratliff on commission and were to be paid only when the goods were sold, or by return of the unsold portion thereof. A written contract was made between the parties evidently to this effect, and it was offered in evidence, but we have been unable to find it in the transcript of the record now before this court.

The payee in the original notes, the St. Louis Jewelry Company, assigned them to the present plaintiff, the Federal Discount Company, and when they became due the latter company placed them in the hands of Alexander & Alexander, a firm of lawyers of this city, composed of three members, Mr. C. H. Alexander, Mr. C. A. Alexander and Mr. James Alexander. The collection of the notes seemed to have been intrusted by the firm to Mr. James Alexander, who never saw either of the defendants, but

conducted the business wholly by correspondence. After the defendants found that the notes were in the hands of Alexander & Alexander, Mr. J. T. Ratliff, one of the defendants, went to their office, but is unable to say which member of the firm he met. He knows, however, that he had an interview with one or the other of the three members of this firm, and Ratliff testifies that he executed the note sued upon on the occasion of his visit and that he was induced to sign the same on the representation made to him by Alexander to the effect that the note was but a renewal of the indebtedness evidenced by the preceding notes, and that the note then given, the one now sued upon, was not to be paid unless the jewelry could be sold. This is what Ratliff testified to and the jury accepted his statement as true and found a verdict for the defendant based thereon.

It is true that the testimony of two of the Alexanders, C. A. and James, tends to a considerable extent to contradict Ratliff, but the jury accepted Ratliff's version and the facts testified to by him must on this appeal be treated as true, since it is sufficient to warrant the verdict.

It can be contended that Ratliff was exceedingly negligent in not having carefully read the note sued upon before he executed it, but this was a matter for the jury to pass on, and whatever may be said of the testimony, it does not show such inexcusable negligence on the part of Ratliff, in signing the note without understanding its contents, as estopped him from making the defense made to it.

For these reasons we insist that the judgment appealed from should be affirmed.

·COOK, J., delivered the opinion of the court.

Appellant sued appellees upon a promissory note, and we gather from the record, supplemented by the briefs of counsel, that the defense was an agreement, made before the execution of the note, to the effect that defendants were to be held liable only in the event that they had sold

a sufficient amount of the goods, which were the consideration for the original indebtedness. It seems that defendants had purchased jewelry from jewelry merchants, executing their promissory notes for the purchase price, and that these notes had been assigned to appellant; that the notes were placed in the hands of attorneys for collection; that the attorneys agreed with appellees to extend the time for the payment of the notes upon appellees executing their note, payable to appellant, which was done, and it is upon this note that this suit was based.

Appellees, at the trial, testified that it was the understanding between them and appellant's attorneys that they would not be called upon to pay this note until they had succeeded in disposing of the goods for enough to liquidate the same. Nothing of this kind was written into the note—the note being an ordinary promissory note, by which the makers promised to pay a sum named, on a day named, to appellant. One of the appellees testified that it was his recollection that the note sued on was signed by him in the office of the attorneys representing appellant. The attorneys testified that no understanding or agreement was made, except as shown by the note itself; that the whole transaction was by letter. Two letters of appellees appear in the record and these letters set out the agreement, or appellees' interpretation thereof, and nowhere in these letters is there any hint of the agreement now set up to defeat the collection of the note. On the contrary, in the letter dated March 29th, appellees, after stating that they would pay forty dollars cash, and execute their note for the balance, say: "I would pay every dollar of it without a word, if I had it. Now, gentlemen, I hope this will suit you. If it does, *just* fix up a note to that effect, and I will sign it with security papers transferred to you at once." This letter was written by the testifying member of the firm, as well as the other letter dated April 16th, inclosing the note sued on.

It is unnecessary to question the veracity of the witness. It may be unreservedly admitted that he related

the facts as he then remembered them; but we are forced to the conclusion that his memory was at fault. He may have so understood the transaction, but it is manifest that he did not take the attorneys representing appellant into his confidence. Besides, he committed his understanding to writing, and said nothing indicating any agreement such as he related on the witness stand. The verdict was in the face of the undisputed evidence, if we set aside witness' recollection of past events, which recollection is directly contradictory of his contemporaneous writing.

*Reversed, and judgment here.*